REQUESTED BY: Donald L. Wagner
Does exempt well-boring apparatus continue to qualify for the exemption provided under subsection (1) of Neb.Rev.Stat. § 60-301 (Supp. 1980), even when such apparatus sometimes transports or is capable of transporting machinery or equipment which is not for hire and used exclusively for well-boring purposes?
To qualify for the exemption provided for in subsection (1) of Neb.Rev.Stat. § 60-301 (Supp. 1980), the machinery in question must not be designed or used primarily for the transportation of persons or property. Well-boring apparatus meeting this qualification continues to be exempt when used exclusively for well-boring purposes.
We have been provided with several photographs of the particular piece of machinery which has provoked the question that you have raised. That piece of machinery may be described as a twin axle, flat bed truck, equipped with a winch, a power take-off, and a fifth wheel, and which is capable of pulling a trailer, hauling a load (such as a bulldozer or a water tank), and which may be used to drive a pump or to lift a well casing. It should be stated that we are aware that each of the uses of the truck is necessary to the actual well-drilling operation. Obviously, the truck would require registration unless it is excluded by the terms of Neb.Rev.Stat. § 60-301(1) (Supp. 1980) from the definition of `motor vehicle.'
Section 60-301 provides in pertinent part as follows:
 Motor vehicle registration; terms, defined. As used in sections 60-301 to 60-344, unless the context other wise requires:
 (1) Motor vehicles shall include all vehicles propelled by any power other than muscular power, except mopeds, farm tractors, self-propelled equipment designed and used exclusively to carry and apply fertilizer, chemicals, or related products to agricultural soil and crops, and other implements of husbandry designed for and used primarily for tilling the soil and harvesting crops, vehicles which run only on rails or tracks, off-road designed vehicles, including but not limited to golf carts, gocarts, riding lawnmowers, garden tractors, all terrain vehicles, snowmobiles, and minibikes, and road and general purpose construction and maintenance machinery not designed or used primarily for the transportation of persons or property, including, but not limited to, ditch-digging apparatus, well-boring apparatus, asphalt spreaders, bucket loaders, leveling graders, earthmoving carryalls, power shovels, earthmoving equipment, crawler tractors, and self-propelled invalid chairs; . . .
(Emphasis added). We are of the opinion that the truck in question is not excluded from the definition of a motor vehicle and therefore requires registration. The truck, in our opinion, is designed and used primarily for transporting and towing property. The property transported or towed may be termed `well-boring apparatus', but that does not exclude the truck from the definition of `motor vehicle'.
Our opinion is in accord with the testimony of the authors of Legislative Bill 660 of the 77th Nebraska Legislature, which introduced the well-boring apparatus exception found in Section 60-301(1). That testimony, in pertinent part, was as follows:
 Senator Stryker: `Well then, to pursue that thing farther, in Line 17, you say `well-boring apparatus' I'm thinking of many of the rigs that are used to drill irrigation wells and probably a few well-drilling rigs that is now carrying a license.'
 Mr. Guenzel: `If the well-drilling rig itself is on a truck that would otherwise be required to be licensed and is now licensed it would be my feeling that this would not change it.'
 Senator Stryker: `Well, but wouldn't the rig if I had a well-drilling rig and I had a license at the time, I think when this law was passed I would point to this particular statute and I would say, `Look you exempted the well-boring apparatus.'
 Mr. Guenzel: `The apparatus itself would be exempt and would not need to be licensed, the truck would need to be licensed.'
 Senator Wylie: `Is the apparatus being licensed now?'
 Mr. Guenzel: `No, sir. As I say, this is not the intent this is intended to merely confirm the present practice followed in Nebraska.'
(page 2, L.B. 660 Committee Hearing, March 7, 1967, Judiciary Committee of the 77th Nebraska Legislature.)
We also feel that our opinion is in accord with earlier opinions of the Attorney General which have addressed similar or related vehicles (No. 164, April 4, 1974, relating to water tank trucks, boom trucks, and well-rig attached to a truck, all used exclusively for well-drilling operations; and No. 109, October 27, 1967, relating to well-drilling equipment bolted to a motor vehicle chassis; No. 177, February 6, 1964, relating to exclusion of well-drilling trucks from registration as vehicles engaged in `soil and construction work'.) None of the earlier opinions have addressed the status of a truck, such as the truck in question.
Arguably, the truck in question may be considered a boom truck, as one of the pictures provided to us shows the truck being put to that use. Also, it may be argued that the truck is a water tank truck, as the truck is fitted with a removable water tank. However, we feel the primary design and use of the vehicle is to transport the removable tank and other equipment used at the job site. Because of the multifaceted capabilities of the truck, it occasionally may be considered `well-drilling apparatus', when, for example, the power take-off drives a pump, or when the boom and winch is used to lift well casings. That occasional use, although necessary to the well-drilling operation, does not, in our opinion, detract from the obvious primary design of the vehicle to transport property.
We also note that Legislative Bill 511 of the 87th Nebraska Legislature attempted to exclude from the definition of `motor vehicle' almost all vehicles used in a well-drilling operation. The attempted exclusion found in Legislative Bill 511 was, in pertinent part, as follows:
 . . . trucks, truck tractors and semi trailer combinations which are not for hire and are used exclusively for transporting well-boring apparatus to and from the well site, including well site excavating machinery or equipment, the well rig, boom truck and water tank truck.
L.B. 511, if passed, would have exempted the vehicle in question as a truck or truck tractor used exclusively fortransporting well-boring apparatus. Absent an exclusion similar to that proposed in L.B. 511, it is our opinion that the truck in question is a motor vehicle and must be registered and licensed as such.
Very truly yours, PAUL L. DOUGLAS Attorney General John E. Brown Assistant Attorney General Approved:Paul L. Douglas
Attorney General